IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                          Criminal No. JKB-19-0456

WILLIAM CUNNINGHAM

## MOTION TO SUPPRESS PROPERTY

Comes now William Cunningham, by and through his undersigned counsel, James Wyda, Federal Public Defender for the District of Maryland and David Walsh-Little, Assistant Federal Public Defender, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any evidence seized in violation of the United States Constitution and any other law, obtained in connection with the defendant's arrest and as grounds states the following:

1. Mr. William Cunningham is charged in a three-count indictment with Possession with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §924(c), and being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §922(g)(1).

2. The charges against the defendant are based on evidence seized pursuant to a warrantless search and seizure of William Cunningham's person and belongings on June 12, 2019. Law enforcement seized cocaine, marijuana and drug paraphernalia from an illegally searched black bag. Additionally, a firearm, ammunition, cocaine and marijuana were seized from Mr. Cunningham's person after being arrested.

1

3.      Detectives Elijah Ragin and William Healey were operating an unmarked vehicle in the 3400 Block of Harlem Avenue on June 12, 2019.  In police reports, the officers allege they see the defendant standing on the sidewalk placing several small objects in a black plastic bag which was located on top of a yellow clothes and shoe donation box.  Although both officers were wearing their issued body cameras, neither camera was activated during these initial alleged observations.

4.      Both officers exit the vehicle and walk toward William Cunningham who is standing outside of a convenience store.  Available body camera footage begins at 1:10:40.  Mr. Cunningham is seen taking possession of a black bag and a plastic bottle from the top of the yellow donation box and walking into the convenient store.  Detective Ragin, at 1:10:50, is observed standing in the doorway of the convenient store.  Detective Healey is standing behind him.  At 1:11:00, Mr. Cunningham places the plastic bottle and black bag on the lazy-susan in the store and turns it so the clerk of the store has access to these items.  The clerk reaches out to take possession of the bag.  At this time, Officer Ragin walks to the lazy-susan, turns it back the other way, takes the black bag and places it on the counter.  At no point before seizing the bag was William Cunningham detained.

5.      Detective Ragin then opens the bag and looks inside.  William Cunningham walks past Detective Healey at which point Detective Ragin instructs Detective Healey to stop the Defendant.  A brief foot chase down an adjacent alley ensues.  Detective Healey tackles Mr. Cunningham and then handcuffs him; at which time the firearm, ammunition, additional cocaine, and additional marijuana were recovered.

6. The Fourth Amendment protects the "rights of the people to be secure in their persons … and effects against unreasonable searches and seizures." Such protection extends only to areas where a person has a "reasonable expectation of privacy." *Katz v. United States*, 389 U.S. 347, 360 (1967). *See also United States v. Jones*, 565 U.S. 400, 406 (2012). If an individual voluntarily abandons property they "lose any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." *United States v. Han,* 74 F.3d 537, 543 (4th Cir. 1996). Though, individuals can have a reasonable expectation of privacy in personal items even when they relinquish possession of those items. A passenger "who lets a package drop to the floor of the taxicab he is riding can hardly be said to have abandoned it." *Rios v. United States*, 364 U.S. 253, 262, n.6 (1960). In *Smith v. Ohio*, 494 U.S. 541 (1990), the Supreme Court held that the defendant in that case kept a reasonable expectation of privacy in a brown grocery bag even after he tossed it onto the hood of his car when police approached to question him. The Ninth Circuit has held that dropping a suitcase and walking three steps away from it does not relinquish a privacy interest in the contents of the suitcase. *United States v. Jackson*, 544 F.2d 407 (9th Cir. 1976). Allowing a store clerk to hold the bag of a customer, even after he leaves the store, does not constitute abandonment. *United States v. Most*, 876 F.2d 191, 196 (D.C. Cir. 1989). Giving a briefcase to another person with instructions to destroy it does not constitute abandonment. *United States v. Basinski*, 226 F.3d 829, 838 (7th Cir. 2000).

7. In this case William Cunningham asserted control over the black bag by picking it up and walking with it into the convenient store. The mere act of placing the closed black bag

on the lazy-susan once inside the store does not constitute an abandonment. Detective Ragin then seized the bag and searched it without a warrant. There is no applicable exception to the warrant requirement that applies in this instance. As such it was an illegal search.

8. Probable cause is not subject to a precise definition. *See United States v. Richardson*, 607 F.3d 257, 369 (4th Cir. 2010*).* It arises when "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979). An assessment of the presence of probable cause is based on the totality of the relevant circumstances, rather than on technical or rigid demands of a formulaic legal test. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). In this case, probable cause did not exist for Officer Ragin to search the contents of the black bag.

9. The exclusionary rule precludes the use at trial of evidence seized in an unconstitutional manner. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). The rule functions to exclude indirect as well as direct products of the illegality. *Wong Sun v. United States* 371 U.S. 471, 484 (1963). Its scope extends to any evidence, tangible or intangible "come at by exploitation of that illegality." *Id*. at 488. Admitting only lawfully obtained evidence, acts as an incentive for law enforcement to incorporate Fourth Amendment ideals into their value system. *Stone v. Powell,* 428 U.S. 465, 492 (1976).

10. The contents of the illegally seized black bag should be suppressed. Additionally the contents of the bag were the basis of the pursuit and arrest of Mr. Cunningham. The seizure

4

of the firearm, ammunition, cocaine and marijuana after the arrest are the poisonous fruit of the illegally searched black bag and also should be suppressed.

WHEREFORE, William Cunningham requests that this Court grant an Order of Suppression in regard to the above identified property on the grounds alleged herein and any other basis that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

/s/
DAVID WALSH-LITTLE, #23586
Assistant Federal Public Defender
Tower II- 9th Floor
l00 South Charles Street
Baltimore, Maryland 21201
Tel: (410) 962-3962
Fax: (410) 962-0872
Email: david_walsh-little@fd.org

MEMORANDUM OF POINTS AND AUTHORITIES

1. Fourth Amendment to the United States Constitution

2. *Terry v. Ohio*, 392 U.S. 1 (1968)

3. *Hayes v. Florida*, 470 U.S. 811 (1985)

4. *Florida v. J.L.*, 529 U.S. 266 (2000)

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's motion.

/s/
DAVID WALSH-LITTLE, #23586
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion was sent via CM/ECF to Patricia McLane, Esquire, Assistant United States Attorney.

/s/
DAVID WALSH-LITTLE, #23586
Assistant Federal Public Defender